**SMILEY, Co. Treas., v. CITY OF TULSA.**

No. 21296.   Opinion Filed Oct. 4, 1932.

W. L. Coffey, Co. Atty., and Hugh Webster, Asst. Co. Atty., for plaintiff in error.

H. O. Bland, City Atty., O. H. Searcy, and Bert E. Johnson, Asst. City Atty., for defendant in error.

KORNEGAY, J. This cause started originally in the year 1924 by a mandamus being granted in the district court of Tulsa county, in favor of the city of Tulsa, commanding the then treasurer of Tulsa county to pay to the city certain penalties that had accrued on deferred sewer payments. This mandamus suit was resisted, the defendant appearing by the county attorney. An appeal was taken from the mandamus judgment by the county authorities, but it appears from a statement in one of the briefs that that appeal was dismissed by this court on account of defects in the case-made.

A citation was issued against the new county treasurer for contempt in refusing to abide by the orders of the district court. When called upon to answer, he instituted a proceeding in the district court to enjoin the enforcement of the former judgment. A preliminary injunction was granted and from time to time extended, and finally the authorities of the city made answer to the proceedings. The answer was dictated into the record, and the former proceedings were brought to the attention of the court, and the judgment in mandamus that was sought to be enjoined was brought into the record, and the judge of the district court at first held that the judgment in the mandamus proceeding was void. However, upon a motion for new trial being made, he changed his judgment, and instead of granting relief he refused any relief to the complainant, who was then county treasurer, followed by a motion for new trial by the county treasurer, its being overruled, and this proceeding in error.

Original brief of plaintiff in error was filed December 2, 1931, answer brief May 25, 1932, and reply brief September 12, 1932. It appears from one of the briefs that a new county treasurer has come into office

since the proceedings were brought, and request is made for him to be considered as the present plaintiff in error, evidently relying upon section 572, O. S. 1931, which is as follows:

"Any person being an elected or appointed public official shall, after the passage of this act, become amenable, in the same manner and to the same extent, to any mandamus, quo warranto, injunction or other extraordinary court order, as though originally obtained against him; and a revivor of such action in which such order was obtained, is hereby declared to exist against any person in his official capacity to the extent that any mandamus, quo warranto, injunction or other extraordinary court order granted or obtained against his predecessor, in his official capacity, shall be as binding on, and he shall be as amenable to, as though originally obtained against him."

Apparently the case was submitted on the original record, and typewritten briefs have been filed on behalf of the plaintiff in error attacking the jurisdiction of the court to render the first judgment in mandamus. We have examined the briefs and the authorities cited, but we are unable to agree with the proposition that the first judgment was rendered without jurisdiction. It was rendered in the district court, which has original jurisdiction of cases in mandamus, and the parties appeared, the officer resisting and the city of Tulsa demanding. The contention is made, however, that the particular judgment rendered was beyond the power of the court to render, and the position is taken that the penalties for delinquent sewer taxes, which were the subject-matter of the litigation, were held in trust by the treasurer for the property owners from whom collected. However, the statutes of the state are the other way. Argument is also made as to the statute of limitations cutting off the suit. We do not think, however, that that would apply, in view of the fact that the treasurer still held the penalties that were the subject-matter of the original suit.

The city of Tulsa, in its counter brief, discusses the power of the court to enjoin the execution of a judgment of a co-ordinate court, and takes the position that instead of injunction, the provisions of the Code gave a remedy by appeal or by vacation on petition or motion, and further takes the position that the judgment complained of was right and proper, and was well warranted by the facts before the court, and points out the distinction between error in the application of the law and error in assuming jurisdiction where there was none, and cites several cases bearing upon the proposition.

Evidently a mistake of the court in applying the law applicable to the rights of the parties is quite apart from the assumption by the court of the power to decide a cause between litigants not before the court, or to decide a cause the judicial cognizance of which was not granted to the court by the law-making power. If all proceedings in which mistakes of law occur were to be set aside upon the grounds here contended for and minutely detailed in the brief of plaintiff in error, and in the manner here contended for, there would scarcely be an end of litigation. As applied to the present case, the primary method of setting aside the judgment, to wit, by appeal, was used but lost on account of failure to perfect the case-made. Then an application was made to a co-ordinate court to enjoin the enforcement of the judgment.

As applied to the present suit, however, it appears from the record that the lower court originally undertook to set aside the action of the other court, apparently on the theory of no jurisdiction in the other court, when the matter decided, if unwarranted, was merely a matter of error in construing a law, rather than want of jurisdiction in the court to decide the matter. However, upon more mature deliberation, the court changed its view and held that it ought not to interfere. We think the latter view of the court was proper, and that in so doing it did not commit error, and that the action of the court in refusing a new trial in the case and in holding it would not interfere was correct.

The cause is therefore affirmed.

RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent. McNEILL, J., disqualified.